IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
JUL 11 AM 11:05

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 16-591 (GAG)

[17] ANIBAL GONZALEZ-BURGOS,
a/k/a "Ñengo",
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Alberto López-Rocafort, Assistant U.S. Attorney, Deputy Chief, Gang Unit; Vanessa E. Bonhomme, Assistant U.S. Attorney; Defendant's counsel, Rachel Brill, Esq.; and Defendant [17] ANIBAL GONZALEZ-BURGOS, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.    COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to **COUNT ONE** and **COUNT SIX** of the Indictment:

**COUNT ONE: Conspiracy to Possess with Intent to Distribute Controlled Substances-**

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, [17] ANIBAL GONZALEZ-

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

**BURGOS** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code,* Sections 841(a)(1), 846, and 860.

**COUNT SIX: Possession of a Firearm in Furtherance of a Drug Trafficking Crime –**

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of

2

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

Puerto Rico and within the jurisdiction of this Court, defendant **[17] ANIBAL GONZALEZ-BURGOS**, and other persons known and unknown to the Grand Jury, aiding and abetting each other, did knowingly possess firearms, of unknown make and caliber, as that term is defined in Title 18, <u>United States Code</u>, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, as charged in Count One of the instant Indictment.   All in violation of Title 18, *United States Code*, Section 924(c)(1)(A) and 2.

### 2.    MAXIMUM PENALTIES

The penalty for the offense charged in **COUNT ONE** of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, *United States Code,* Sections 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held responsible for the possession of at least two hundred (200) grams but less than three hundred (300) grams of cocaine. Therefore, the penalty for the offense for which defendant is pleading guilty is a term of imprisonment of at least one (1) year in prison and not more than forty (40) years in prison, a fine not to exceed $2,000,000.00, and a term of supervised release of at least six (6) years.   All pursuant to Title 21, *United States Code*, Sections 841(a)(1), (b)(1)(C), 846, and 860.

The penalty for the offense charged in **COUNT SIX** of the Indictment is a term of imprisonment of not less than five (5) years, but not more than life imprisonment; and a term of supervised release of not more than three (3) years. The Court may also impose a fine not to exceed

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**
$250,000.00, pursuant to Title 18, *United States Code,* Section 924(c)(1)(A)(i).

### 3.    SPECIAL MONETARY ASSESSMENT

Prior to Defendant's change of plea hearing, the Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

### 4.    ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Court of the United States in the case of *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

### 5.    RULE 11(c)(1)(B) WARNINGS



The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the *United States Sentencing Guidelines, Policy Statements, Application, and Background Notes* as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### 6.    FINES AND RESTITUTION

The Court may, pursuant to Section 5E1.2(i) of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered.

4

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

Defendant further agrees to provide financial statements as requested by the United States.

### 7.    SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant." *United States v. Booker,* 543 U.S. 220 (2005).   The United States and Defendant agree to recommend the following Sentencing Guidelines' calculations:

**INTENTIONALLY BLANK**

*USA v. [17] Anibal Gonzalez-Burgos,* Criminal No. 16-591 (GAG)
Plea Agreement

| SENTENCING GUIDELINES CALCULATION TABLE (COUNT ONE) Title 21, *United States Code*, Sections 841(a)(1), 846, and 860 | |
| --- | --- |
| **BASE OFFENSE LEVEL [U.S.S.G. §2D1.1(c)(8)]** (Possession of at least 200 grams but less than 300 grams of cocaine) | 18 |
| **PROTECTED LOCATION [U.S.S.G. §2D1.2(a)(1)]** (Distribution within 1,000 of PHP/School Zone) | +2 |
| **Acceptance of Responsibility [§ 3E1.1]** | -3 |
| **TOTAL OFFENSE LEVEL** | 17 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I IF CRIMINAL HISTORY CATEGORY II IF CRIMINAL HISTORY CATEGORY III IF CRIMINAL HISTORY CATEGORY IV IF CRIMINAL HISTORY CATEGORY V IF CRIMINAL HISTORY CATEGORY VI | 24-30 27-33 30-37 37-46 46-57 51-63 months ZONE D |





8.    **CRIMINAL HISTORY CATEGORY**

**The parties make NO stipulation as to defendant's criminal history. However, the parties stipulate** that the defendant's conviction and sentence in 13-428 (DRD) is relevant conduct in this case, therefore, such conviction should not score any points in the criminal history calculation.

9.    **SENTENCE RECOMMENDATION**

The parties agree to jointly recommend the defendant be sentenced to twenty-four (24) months of imprisonment as to **COUNT ONE**, regardless of his criminal history category. The

*USA v. [17] Anibal Gonzalez-Burgos,* Criminal No. 16-591 (GAG)
**Plea Agreement**

defendant recognizes that **COUNT ONE** carries a one-year minimum mandatory sentence. As to

**COUNT SIX**, the parties agree to jointly recommend the defendant be sentenced to sixty (60)

months of imprisonment, which is the statutory minimum sentence, regardless of criminal history

category. The defendant recognizes the sentence in **COUNT SIX** must be served consecutively to

any other sentence imposed. The defendant agrees that this sentence recommendation is reasonable

pursuant to Title 18, *United States Code*, Section 3553(a).

### 10.    WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed

by the Court is a total of ninety-three (93) months or less, the defendant waives the right to appeal



any aspect of this case's judgment and sentence, including but not limited to the term of

imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised

release.



### 11.    NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no departures shall be requested by the

parties.   This Plea Agreement has taken into consideration all Title 18, *United States Code*, Section

3553 factors.   *Any recommendation for a term of imprisonment below what has been stipulated*

*in paragraph (9) above will constitute a material breach of the plea agreement.*

### 12.    JURISDICTIONAL LIMITS OF PLEA AGREEMENT

It is specifically understood by the defendant, that this plea agreement does not extend to

or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth

of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement

authorities.

### 13. SATISFACTION WITH COUNSEL

The defendant, represents to the Court that defendant is satisfied with defendant's attorney, **Rachel Brill, Esquire,** and hereby indicates that counsel has rendered effective legal assistance.

### 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.    If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree.

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the

evidence established the Defendant's guilt beyond a reasonable doubt.

d.     At a trial, the United States would be required to present its witnesses and other evidence against the Defendant.   The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them.   In turn, the Defendant could present witnesses and other evidence on Defendant's own behalf.   If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.     At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

**15.     DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

**16.     STIPULATED VERSION OF FACTS**

The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement.   Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.   Further, the defendant agrees that said statement of facts can be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

*USA v. [17] Anibal Gonzalez-Burgos,* Criminal No. 16-591 (GAG)
Plea Agreement

## 17.   LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of

Puerto Rico and the Defendant; it does not bind any other federal district, state or local

authorities.

## 18.   ENTIRETY OF PLEA AGREEMENT

The United States and the defendant acknowledge that the above-stated terms and

conditions constitute the entire plea agreement between the parties and deny the existence of any

other terms and conditions not stated herein.   No additional promises, terms or conditions will be

entered unless in writing and signed by all parties.

## 19.   AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

## 20.   VOLUNTARINESS OF GUILTY PLEA

It is understood by the defendant, that defendant is entering into this plea agreement without

compulsion, threats, or any other promises from the United States Attorney or any of his agents.

The defendant acknowledges that no threats have been made against the defendant and that the

defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

## 21.   POTENTIAL IMPACT ON IMMIGRATION STATUS

The Defendant hereby agrees and recognizes that, if the Defendant is not a United States

Citizen, his plea of guilty in this case may have an impact in his immigration status.   Among others,

the Defendant is subject to removal from the United States; the defendant may be barred,

temporarily or permanently, from reentering the United States; a criminal conviction may affect the

10

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

Defendant's ability to apply for United States citizenship, and other benefits.   Further, the

Defendant agrees and recognizes that any term of supervised release imposed by the Court may be

suspended, as long as he remains outside the United States.   However, should Defendant, at any

time, reenter the United States he must immediately report to a U. S. Probation Office and otherwise

comply with any conditions of supervised release that may be imposed herein.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney


_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated:   3/18/19

_____
Alberto López-Rocafort
Assistant U.S. Attorney
Deputy Chief, Gang Unit
Dated: 3/18/2019

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 3/18/2019


_____
Rachel Brill, Esq.
Counsel for Defendant
Dated: 4/4/19

_____
Anibal Gonzalez-Burgos
Defendant
Dated: 26/Juni/19


11

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with your attorney.   My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: _4/4/19 26/Jun/19_ _____   _Anibal Gonzalez Burgos_____
Anibal Gonzalez-Burgos
Defendant

I am the attorney for the Defendant.   I have fully explained to the Defendant his rights with respect to the pending Superseding Indictment.   Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant.   I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _4/4/19_____

_Rachel Brill_____
Rachel Brill, Esq.
Counsel for Defendant

12

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

### GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying plea agreement in this case, The United States submits the following statement setting forth the United States version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, *United States Code,* Sections 841, 846, and 860. The following is a summary of the facts the United States would have proven beyond reasonable doubt if this matter would have gone to trial:

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[17] ANIBAL GONZALEZ-BURGOS** and his co-defendants did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property

13

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846, and 860.

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant **[17] ANIBAL GONZALEZ-BURGOS**, and other persons known and unknown to the Grand Jury, aiding and abetting each other, did knowingly possess firearms, of unknown make and caliber, as that term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, as charged in Count One of the instant Indictment.   All in violation of Title 18, *United States Code*, Section 924(c)(1)(A) and 2.



Specifically, **[17] ANIBAL GONZALEZ-BURGOS** acted as an armed seller for this drug trafficking organization. Several kilograms of cocaine, cocaine base (crack), heroin, a detectable amount of marijuana, and Oxycodone and Alprazolam were sold during the course of the conspiracy, however for purposes of his plea agreement, the defendant is held responsible for the possession with intent to distribute and the distribution of at least two hundred (200) grams but less than three hundred (300) grams of cocaine. The defendant also possessed firearms in furtherance of the drug trafficking conspiracy. This all occurred within 1,000 feet of a housing facility owned by a public housing authority, within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school, and within 1,000 feet of a playground.

14

*USA v. [17] Anibal Gonzalez-Burgos,* **Criminal No. 16-591 (GAG)**
**Plea Agreement**

The United States would have proven these facts beyond a reasonable doubt through physical, testimonial and documentary evidence such as, but not limited to, video recordings, photographs, and the testimony of agents from the Police of Puerto Rico, HSI, and cooperating witnesses, in addition to experts from the DEA Laboratory and CBP Laboratory, among others.

All discovery was timely provided to defendant.

_____
Vanessa E. Bonhomme
Assistant United States Attorney
Dated: 3|18|2019

_____
Rachel Brill, Esq.
Counsel for Defendant
Dated: 4/4/19

_____
Anibal Gonzalez-Burgos
Defendant
Dated: 4/4/19 26/JUN/19